UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHERYL REAL ESTATE, LLC,

        Plaintiff,

     v.                                        Case No. 20-C-1654

PETER J. CONRAD,

        Defendant.

---

## DECISION AND ORDER GRANTING MOTION TO DISMISS

---

    It is sometimes said that the best defense is a good offense. This case is an example of the corollary that a weak offense is worse than a bad defense. Plaintiff Cheryl Real Estate, LLC, filed suit under 42 U.S.C. § 1983 against Manitowoc County Corporation Counsel Peter Conrad for violating Cheryl's right to due process of law. The alleged violation consists of filing a motion for a default judgment in the Circuit Court for Manitowoc County in a civil enforcement action against Cheryl on the ground that Cheryl had failed to file an answer to a complaint or otherwise join issue. The case is before the Court on Defendant's Rule 12(b)(6) motion to dismiss. Because the case borders on the frivolous, Defendant's motion will be granted.

## BACKGROUND

    The County initiated the underlying state court action to enforce an order of the County's Planning and Zoning Department directing Cheryl to replace its nonconforming septic system, a private onsite waste treatment system (POWTS), servicing its bar and restaurant. According to the County's Inspection Report, Cheryl's failing POWTS was discharging raw sewage within three feet of groundwater in violation of the County Code. Dkt. No. 11-2. A Notice of Violation was

sent to Cheryl on September 8, 2015, directing compliance by June 15, 2016. When no action was taken by Cheryl, a Correction Order was sent to Cheryl via certified mail on July 11, 2016, directing Cheryl to bring the system into compliance by October 1, 2016. *Id.* ¶¶ 11–12. After over three years of Cheryl's failure to comply, the County initiated an enforcement action on June 24, 2019. *Id.* ¶¶ 14–15.

Cheryl Vogel, apparently the sole owner of Cheryl Real Estate, was personally served with the summons and complaint in the state court action on July 3, 2019. Dkt. No. 11-5. The summons reads as follows:

> The State of Wisconsin, to the person named above as a Defendant:
>
> You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action. Within 20 days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802, of the Wisconsin Statutes., to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is Clerk of the Circuit Court, 1010 South Eighth Street, Manitowoc, Wisconsin 54220; and to Peter J. Conrad, Plaintiff's attorney, whose address is Manitowoc County Corporation Counsel, 1010 South Eighth Street, Manitowoc, Wisconsin 54220. You may have an attorney help or represent you.
>
> If you do not provide a proper answer within 20 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dkt. No. 11-2 at 1.

Instead of filing an answer to the complaint, Cheryl filed a letter addressed to the "Manitowoc County Corporation Council" [sic] on July 23, 2019. The letter reads:

> We have retained the services of Mark Meyer from Meyer Plumbing to install a new septic system at 10731 Hwy 42. He is currently working with Kayla from the County and with Jessica from the County Health Department on the changes with

the septic and all of the changes that the Health Department is now requiring be made with plumbing inside the buildings well.

Cheryl Real Estate LLC
18622 County Road X
Kiel, WI 53042

Dkt. No. 11-8.

Attorney Conrad viewed the unsigned letter as a legal nullity and filed a motion for default judgment on the ground that Cheryl had failed to file a timely answer. Dkt. No. 11-6. The state court scheduled a hearing on the County's motion for October 11, 2019, and a copy of the notice was sent to the address of Cheryl. Dkt. No. 11-7. No one appeared on behalf of Cheryl. Dkt. No. 11-9. The court minutes of the hearing acknowledge the fact that Cheryl "filed a letter on 07/23/2019." *Id.* Attorney Conrad requested that the court grant the County's motion for default judgment, which imposed a $10,000 forfeiture, but withhold entry until May 1, 2020, because it appeared Cheryl was working toward compliance. *Id.* The court granted Attorney Conrad's request. *Id.*

Cheryl failed to install a code-compliant septic system by the May 1, 2020, deadline. Dkt. No. 11-4 ¶ 17. The County waited an additional two months before requesting that the court lift the stay and enter the judgment, which was done on July 14, 2020. Dkt. No. 11-10. At that point, Cheryl retained counsel and entered an appearance in the state court action. Cheryl thereupon filed a motion for relief from the court's October 11, 2019, order for default judgment. The court held a hearing on the motion on October 12, 2020, but did not decide the motion at that time, setting a briefing schedule instead. Dkt. No. 11-11. At a continuation of the hearing on November 10, 2020, the court denied Cheryl's motion for relief from the default judgment. Further proceedings remain pending. Dkt. No. 11-1.

In the meantime, Cheryl filed this federal civil rights action on November 2, 2020, alleging that the County violated Cheryl's right to due process when it obtained a default judgment against Cheryl based upon Attorney Conrad's sworn affidavit that stated Cheryl had "failed to provide an answer or join issue in any manner within twenty days of service." Dkt. No. 3 ¶ 8. On November 3, 2020, Cheryl filed an amended complaint adding Attorney Conrad as a defendant and voluntarily dismissing its claim against the County without prejudice.

## LEGAL STANDARD

In deciding a Rule 12(b)(6) motion to dismiss, a court should accept "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At a minimum, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The plaintiff does not need to provide "detailed factual allegations" but must include factual allegations that "raise a right to relief above the speculative level." *Id.* When evaluating the sufficiency of a complaint under this standard, the court construes the complaint "in the light most favorable to the non-moving party" and draws all reasonable inferences in that party's favor. *Bell v. Chicago*, 835 F.3d 736, 738 (7th Cir. 2016).

It is also important to note, especially in this case, that in evaluating a Rule 12(b)(6) motion, "courts are free to consider . . . exhibits attached to the complaint, Fed. R. Civ. P. 10(c), or documents referenced in the pleadings if they are central to the claim." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). Here, this includes the pleadings, notices, minutes, and docket entries in the Manitowoc County case on which Cheryl's claim is based and that have been filed as exhibits in support of the defendant's motion to dismiss.

## ANALYSIS

Cheryl's federal claim fails for several reasons. First, it is barred under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine takes its name from two decisions of the United States Supreme Court: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Simply put, the *Rooker–Feldman* doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.'" *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (alterations in original)). If a claim is barred by the *Rooker–Feldman* doctrine, the federal court lacks subject matter jurisdiction over the case. *Id.*

Cheryl contends that its claim against Attorney Conrad is not barred by *Rooker-Feldman* because it seeks to vindicate federal claims "entirely distinct from the state court matter." Dkt. No. 12 at 5. But "while '[i]n its most straight-forward presentment, the *Rooker–Feldman* doctrine bars federal jurisdiction when the federal plaintiff alleges that her injury was caused by a state court judgment,' the exact parameters are less than clear because the doctrine 'is not limited to just

5

those claims alleging that the state court judgment itself caused the federal plaintiff's injury; the doctrine also precludes federal jurisdiction over claims inextricably intertwined with a state court determination.'" *Brokaw*, 305 F.3d at 664 (quoting *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2002)). The determination of whether the state court decision and a federal claim are inextricably intertwined "hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Taylor*, 374 F.3d at 533.

Here, the state court decision and the federal claim are inextricably intertwined. Cheryl alleges that Attorney Conrad filed "a false witness affidavit under color of state law" by stating that Cheryl had not answered the summons, and that the circuit court "entered a default judgment" based on that affidavit. Am. Compl. ¶¶ 12–13. Cheryl has litigated the issue of whether the letter it sent constitutes an answer to the complaint in state court. Cheryl seeks payment of attorney fees and costs associated with "litigating the state court matter" as part of its damages. *Id.* ¶ 22. The amended complaint asserts that Cheryl was injured by Attorney Conrad's filing, and implies that by accepting his filing and granting his motion, the state court at least failed to remedy, and possibly compounded, that injury. Thus, it is apparent that the two are inextricably intertwined and *Rooker-Feldman* bars federal jurisdiction.

Even if *Rooker-Feldman* did not bar the claim, it would still fail for the simple reason that the letter Cheryl filed in the case was not a lawful answer to the complaint, either in form or in substance. An answer is one of the pleadings allowed under the Wisconsin Rules of Civil Procedure. Wis. Stat. § 802.01(1). Like every pleading, an answer to a complaint is required to "contain a caption setting forth the name of the court, the venue, the title of the action, the file number, and a designation as in s. 802.01(1)." Wis. Stat. § 802.04(1). In an answer to a complaint,

6

a defendant is required to "state in short and plain terms the defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Wis. Stat. § 802.02(2). If a party does not know whether an allegation is true, "the party shall so state and this has the effect of a denial." *Id.* "Denials shall fairly meet the substance of the averments denied." *Id.* Affirmative defenses are to be separately set forth. Wis. Stat. § 802.02(3). Finally, an answer to a complaint must be "signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Wis. Stat. § 802.05(1).

The letter sent by Cheryl met none of these requirements. It did not have a caption, contained no denials or admissions to the allegations of the complaint, and was unsigned. Assuming it was sent by Ms. Vogel, she lacks the legal capacity to represent Cheryl in court. An LLC, or limited liability company, is a separate business entity created by statute. *Marx v. Morris*, 2019 WI 34, ¶ 41, 386 Wis. 2d 122, 925 N.W.2d 112. Under Wisconsin law, an LLC, like any other business entity created by statute, must be represented by a licensed attorney. *Carmain v. Affiliated Cap. Corp.*, 2002 WI App 271, ¶ 21, 258 Wis. 2d 378, 654 N.W.2d 26. An unsigned letter filed by a non-lawyer on behalf of an LLC is a nullity, not a legally-recognizable answer. *Id.*

In addition to these formal deficiencies, the letter failed to place in dispute any of the allegations of the County's complaint. In other words, it did not deny the allegations that Cheryl had been notified that its POWTS was not in compliance as far back as September of 2015, that it had been under an order to bring it into compliance since July of 2016, and that it had failed to do so as of the filing of the County's enforcement action three years later and even at the time the letter was mailed. The letter simply said that Cheryl had hired a plumber and was working with the County to make the changes it was ordered to make three years earlier. "We're working on it"

7

is not a legal defense to an enforcement action, especially when the defendant had been given notice of the violation four years earlier.

Further undermining Cheryl's claim that its due process rights were violated is the fact it was the court, not Attorney Conrad, that entered a default judgment against Cheryl, and only after giving Cheryl notice of the hearing on the motion for default and an opportunity to oppose it. Moreover, Cheryl's letter was part of the state court file that was before the judge when the County's motion for a default judgment was granted. In other words, the state court judge was not limited to Attorney Conrad's statement that Cheryl had failed to answer or otherwise join issue in the case. The judge had the letter itself to consider and apparently agreed with Attorney Conrad that, as a matter of law, Cheryl had failed to file an answer or otherwise join issue within the time allowed. The court apparently confirmed this conclusion in denying Cheryl's motion for relief from the default judgment. Given the procedural history of the case and the law recounted above, Cheryl's allegation that Attorney Conrad lied in his affidavit filed in support of his motion and thereby deprived it of due process is absurd.

Even if the allegation was not absurd on its face, Attorney Conrad would still be entitled to dismissal. This is because Attorney Conrad, in his capacity as the County's Corporation Counsel, is entitled to absolute immunity from § 1983 liability for alleged injuries that stem from performance of his prosecutorial duties. "To free the judicial process from the harassment and intimidation associated with frivolous litigation, the Supreme Court has held that 'in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages.'" *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). These standards also apply to a prosecutor's acts in initiating civil proceedings as long as the prosecutor is functioning in an enforcement role analogous to her role

8

in criminal proceedings. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). "Moreover, absolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" *Id.* (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)).

Here, Attorney Conrad did not act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence when he stated in his affidavit that Cheryl failed to answer or otherwise join issue within the time allowed. But even if he had, he would be entitled to immunity because filing an affidavit about the state of the record in support a motion for default judgment falls well within the scope of his duties as an advocate in civil enforcement proceedings.

For all of these reasons and more, the motion to dismiss (Dkt. No. 9) is **GRANTED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 3rd day of March, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge